UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Michael Lawrence Goodnough,

       Plaintiff,

       v.                                                          Civil Action No. 2:23–cv–490-kjd

United States Internal Revenue Service,

       Defendant.

## <u>OPINION AND ORDER</u>
(Docs. 8, 17)

Plaintiff Michael Goodnough, proceeding *pro se* and *in forma pauperis*, commenced this civil action against the Internal Revenue Service ("United States" or "IRS") seeking two economic impact payments ("EIPs") authorized by Congress in 2020-2021 during the COVID-19 pandemic. (Doc. 6 at 2.) Plaintiff asserts that he did not receive two EIPs to which he was entitled—one for $600 and the other for $1400. He requests that the Court order the IRS to issue him the two EIPs plus interest. (*Id.* at 3.)

The United States has filed a Motion to Dismiss in which it asserts that sovereign immunity prevents the Court from exercising jurisdiction over the $600 claim because Plaintiff failed to make the required administrative refund claim prior to bringing this action in federal court. (*See* Doc. 8-1 at 7–9.) The United States further asserts that Plaintiff lacks Article III standing to bring the $1400 claim because the IRS already issued the $1400 check to him. (*See id.* at 9–11.) As such, the United States contends that there is no case or controversy for the Court to adjudicate. Subsequent to the filing of its Motion to Dismiss, the United States filed a Motion to Stay the Court's consideration of the $1400 claim. (*See* Doc. 17.) The stay is

requested to permit the IRS to consider Plaintiff's recently-filed identity theft claim asserting that another individual received and unlawfully endorsed and cashed Plaintiff's $1400 check. (*See id.* at 1, 5.) Should the IRS resolve the identity theft claim in Plaintiff's favor, it will issue a $1400 replacement check and therefore judicial consideration of that claim will no longer be necessary. (*See id*.)

For the reasons explained below, the United States' Motion to Dismiss (Doc. 8) is granted in part and its Motion to Stay (Doc. 17) is granted. The Court dismisses without prejudice the $600 claim for lack of subject matter jurisdiction. The Court stays consideration of the request to dismiss the $1400 claim pending the agency's resolution of Plaintiff's related identity theft claim.

## Background

### I.    Allegations in Plaintiff's Complaint

Plaintiff, a Vermont inmate currently incarcerated at Tallahatchie County Correctional Facility in Mississippi, asserts that he never received the $600 and $1,400 EIPs issued during the COVID-19 pandemic. (Doc. 6 at 2.) According to Plaintiff, after not receiving the EIPs, he inquired with an IRS office in Missouri, as "this was the known office that dealt with [his] yearly tax filing." (*Id.*) As part of his inquiry, Plaintiff submitted an IRS Form 3911 to trace the missing EIPs. (*See* Doc. 6-1 at 6–7.) The IRS informed him that the $1,400 EIP check had already been issued, but "[t]here was no explanation provided on the missing $600" EIP check. (*Id.* at 3.) Plaintiff filed his Complaint after receiving "multiple requests from the [IRS] seeking [sixty] days to inquire on the entire matter." (*Id.*)

Plaintiff asks the Court to order the IRS to pay him $2,000—the combined value of both payments—plus interest. (*Id*. at 3.)

2

## II.        Relevant Legal Background

As relevant to Plaintiff's claims, during the COVID-19 pandemic Congress authorized two tax credits that could be distributed as advance refunds, or EIPs.  *See* 26 U.S.C. § 6428A(a); 26 U.S.C. § 6428B(a).  The EIPs at issue in this case were authorized under the Consolidated Appropriations Act of 2021 ("CAA"), 26 U.S.C. § 6428A(a), and the American Rescue Plan Act of 2021 ("ARPA), 26 U.S.C. 6428B(a).  The CAA authorized an advance refund of $600 for eligible individuals that could be distributed either as an EIP or a Recovery Rebate Credit.  *See* 28 U.S.C. § 6428A(a), (f).  Similarly, the ARPA authorized an advance refund in the amount of $1,400 for eligible individuals that could be distributed either as an EIP or a Recovery Rebate Credit.  *See* 28 U.S.C. § 6428B(b), (f).

The CAA-authorized EIP was to be paid no later than January 15, 2021, *see* 26 U.S.C. § 6428A(f)(3)(A)(i)-(ii), and the ARPA-authorized EIP was to be paid no later than December 31, 2021, *see* 26 U.S.C. § 6428B(g)(3).  The IRS's website explains that individuals who did not receive the $600 EIP "may be eligible to claim the 2020 Recovery Rebate Claim by filing a 2020 tax return if [they] have not filed yet or by amending [their] 2020 tax return if it's already been processed," and that individuals who did not receive the $1400 EIP "may be eligible to claim the 2021 Recovery Rebate Credit when [they] file [their] 2021 tax return."[1]  As such, "[i]ndividuals who [did] not receive EIPs may nonetheless claim a recovery rebate credit on their 2020 and 2021 income tax returns."  *McLaughlin v. United States*, 4:21cv345–WS/MAF, 2022 WL 522832, at *1 (N.D. Fla. Feb. 22, 2022) (explaining that "missing" EIPs authorized under the CAA can be claimed on a 2020 tax return, and "missing" EIPs authorized under the ARPA can be claimed on a 2021 tax return); *see also Griffin v. United States*, No. 21-2307T, 2022 WL

---

[1]  *Recovery Rebate Credit: How to Claim the 2020 Recovery Rebate Credit*, IRS (Feb. 12, 2024), https://www.irs.gov/newsroom/recovery-rebate-credit.

1101817, at *2 (Fed. Cl. Apr. 13, 2022) ("Taxpayers who did not receive the stimulus payments despite being eligible could receive the tax credits due to them by filing a tax return.").

Some courts have dismissed prisoner EIP actions brought after the EIP issuance deadlines in the CAA (January 15, 2021) and the ARPA (December 31, 2021), reasoning that the respective deadlines are absolute and disbursement of EIPs after the deadlines is not possible. *See, e.g.*, *Everett v. Dir. of I.R.S.*, Case No. 23-cv-03442-PJH, 2023 WL 5279638, at *3 (N.D. Cal. Aug. 15, 2023) (holding that EIP funds under the CARES Act could not be distributed after the statutory deadline had passed).  Other courts have dismissed Complaints alleging a failure to receive a stimulus check, finding no private right of action for such relief.  *See, e.g.*, *Thompson v. U.S. Dep't of Treasury Internal Revenue Serv.*, Civil Action No. 23-03103, 2023 WL 4744751, at *2-3 (D.N.J. July 25, 2023) (holding that there is no express or implied private right of action under the CARES Act with respect to stimulus payments).

However, at least one court in this Circuit has held that claims for EIPs that can be liberally construed as claims for Recovery Rebate Credits are appropriately brought as refund suits under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a).  *See Swinton v. United States Internal Revenue Serv.*, No. 3:22-cv-900 (JAM), 2023 WL 6379415, at *3–5 (D. Conn. Sept. 30, 2023) ("Although § 7422 imposes an administrative exhaustion requirement, the '[c]onsensus among courts having addressed complaints of missing or erroneously administered COVID stimulus checks is to apply § 7422 tax refund procedures to such claims.'" (alteration in original) (quoting *Perez v. Internal Revenue Serv.*, Case No. 2:23-cv-00215-CDS-EJY, 2023 WL 4405211, at *1 n.2 (D. Nev. June 16, 2023), *report and recommendation adopted*, No. 2:23-cv-00215-CDS-EJY, 2023 WL 4249209 (D. Nev. June 29, 2023))).  As *Swinton* explained, "while EIPs 'are different from a typical tax refund, . . . in creating those credits, Congress used the

4

preexisting rules for tax refunds.'" *Id*. at *3 (omission in original) (quoting *Griffin v. United States*, No. 21-2307T, 2022 WL 1101817, at *6 (Fed. Cl. Apr. 13, 2022).  Accordingly, "[t]axpayers who did not receive a check . . . [are] still afforded the possibility of receiving that relief by filing their tax returns and claiming a refund equal to the EIPs that similarly situated individuals received." *Id.* at 7.

The Court construes Plaintiff's Complaint as requesting Recovery Rebate Credits, or tax refunds, pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.  *See Swinton*, 2023 WL 6379415, at *3–5; *see also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) ("A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims.").  With respect to the $600 claim, therefore, the issue is whether the Court may find a waiver of sovereign immunity by the United States vesting the Court with subject matter jurisdiction over Plaintiff's claim.

**Discussion**

## I.      Motion to Dismiss

The United States moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  Specifically, it contends that Plaintiff's claim for the $600 Recovery Rebate Credit should be dismissed for lack of subject matter jurisdiction because Plaintiff did not first file an administrative claim for a refund, a prerequisite to a waiver of sovereign immunity permitting the United States to be sued in a tax refund action.  (Doc. 8-1 at 7–9.)  The United

---

[2]  Because the Court concludes that it lacks subject matter jurisdiction under Rule 12(b)(1) over Plaintiff's claim for $600, this Opinion and Order does not address the United States' argument for dismissal under Rule 12(b)(6).

5

States further contends that Plaintiff's claim for the $1,400 Recovery Rebate Credit should be dismissed for lack of standing because the IRS already issued the pertinent EIP check to Plaintiff and therefore there is no case or controversy to adjudicate.  (Doc. 8-1 at 9–11).[3]

### A.    Legal Standards

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed for lack of subject matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case."  *Remy v. New York State Workers' Comp. Bd.*, 23-cv-07933 (ER), 2024 WL 3413469, at *4 (S.D.N.Y. July 15, 2024).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id*.; *see also Araujo v. John Hancock Life Ins. Co.*, 206 F. Supp. 2d 377, 380 (E.D.N.Y. 2002) (explaining that "the Court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question").  The non-moving party must "come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 57 (2d Cir. 2016) (citing *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret them liberally to raise the strongest arguments they suggest.  *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).  Nevertheless, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the facial plausibility standard.  *See Meadows v. United*

---

[3] Because the Court grants the United States' Motion to Stay, this Opinion and Order does not address at this time the United States' argument with respect to Plaintiff's claim for the $1,400 Recovery Rebate Credit.

*Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam).

Congress has conferred subject matter jurisdiction on federal district courts to consider claims for tax refunds that have been wrongfully assessed or collected.  *See* 28 U.S.C. § 1346(a)(1).  Thus, "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims."  *Clintwood Elkhorn*, 553 U.S. at 4.  However, the United States and its agencies are generally immune from suit unless a waiver of sovereign immunity has been found.  *See United States v. Dalm*, 494 U.S. 596, 608 (1990).  If the Court determines that the United States has not waived sovereign immunity, it must dismiss the action for lack of subject matter jurisdiction.  *See Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007).

In this case, the United States' waiver of sovereign immunity for tax refund suits is conditioned upon the taxpayer's compliance with three jurisdictional prerequisites.  *See* 26 U.S.C. § 7422(a); *Clintwood Elkhorn*, 553 U.S. at 4–5.  First, the taxpayer must "duly file" a timely administrative "claim for refund or credit . . . with the [IRS], according to the provisions of law . . . and regulations of the Secretary [of Treasury] in pursuance thereof."  26 U.S.C. § 7422(a).  A claim for a tax refund "shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later."  26 U.S.C. § 6511(a).  Second, the taxpayer may not file suit "before the expiration of 6 months from the date of filing the [administrative refund] claim," unless the IRS disallows the claim within the six-month period and the taxpayer sues within two years of receiving notice of the disallowance.  26 U.S.C. § 6532(a)(1).  Finally, the taxpayer must fully pay the tax or penalty for which the refund is claimed.  *See Flora v. United States*, 357 U.S. 63, 75–76 (1958).  Failure

to fully comply with the above requirements results in a jurisdictional defect that cannot be cured or waived. *See* 26 U.S.C. § 7422(a); *Clintwood Elkhorn*, 553 U.S. at 4; *Special Touch Home Care Servs., Inc. v. United States*, No. 20-CV-3051 (NGG) (TAM), 2022 WL 673660, at *7–8 (E.D.N.Y. Mar. 7, 2022) (noting that "[t]he law does not confer subject matter jurisdiction . . . when the [refund] suit is commenced prior to the filing of valid Forms 843" (first alteration and omission in original)).

      **B.    Plaintiff's claim for the $600 EIP must be dismissed because the Court lacks subject matter jurisdiction.**

The United States asserts that the Court does not have subject matter jurisdiction because Plaintiff did not make an administrative refund claim for the $600 Recovery Rebate Credit prior to bringing this lawsuit. (Doc. 8-1 at 7.) Specifically, it notes that the January 15, 2021 deadline for issuing the advance payment of $600 has passed. (*Id.* (citing 26 U.S.C. § 6428A(f)(3)(A)).) Consequently, the United States asserts that Plaintiff must seek the $600 payment "as a Recovery Rebate Credit on his 2020 federal income tax return." (*Id.*) However, because Plaintiff did not file a federal income tax return for 2020, he "has failed to make the required administrative refund claim to permit recovery of the credit." (*Id.*)

Plaintiff does not allege any facts demonstrating his compliance with the jurisdictional prerequisites of 26 U.S.C. § 7422(a). First, given that the January 15, 2021 deadline for issuing the $600 EIP has passed, Plaintiff must seek the payment through a refund as a Recovery Rebate Credit on his 2020 federal income tax return. *See* 28 U.S.C. § 6428A(a), (f); 28 U.S.C. § 6428B(b), (f); *McLaughlin*, 2022 WL 522832, at *1 ("Individuals who did not receive EIPs may nonetheless claim a recovery rebate credit on their 2020 and 2021 income tax returns."). In other words, Plaintiff's present claim for the $600 Recovery Rebate Credit is appropriately considered a refund claim, which required him to file a 2020 federal income tax return to satisfy the

jurisdictional prerequisite that he "duly file" an administrative claim prior to bringing suit in court.  *See* 26 U.S.C. §§ 6511(a), 7422(a).

In support of its Motion to Dismiss, the United States has submitted the Declaration of IRS Senior Tax Analyst Michelle L. Blackwell, who declares that she has reviewed the IRS computer system containing records of taxpayers' accounts and determined that Plaintiff did not file a federal income tax return for tax year 2020.  (Doc. 8-2 at 3, ¶ 9).  Plaintiff concedes that he did not file a proper claim (Doc. 15 at 2 ("Plaintiff did in fact fail to make a proper claim . . . .")), but he "holds the IRS responsible for this failure" because the agency allegedly did not inform him during the course of his correspondence with an IRS office in Kansas City that he should file a 2020 tax return.  (*Id*.)  However, as he offers no legal basis to claim that the IRS was obligated to provide such information, this is insufficient to excuse his failure to file the return.  Further, the documents he attaches to his Complaint and his Response in Opposition to the United States' Motion to Dismiss do not indicate that he "duly filed" a refund claim with the IRS as required by 26 U.S.C. § 6511(a).  To the contrary, they demonstrate only that he communicated with the IRS to determine why he did not receive his previously-issued refund checks, not that he made a formal claim.[4]  Finally, even if Plaintiff were now to file a claim, the filing of an administrative claim for refund during the pendency of the refund suit does not cure the jurisdictional defect.  *See* 26 U.S.C. § 7422(a); *Clintwood Elkhorn*, 553 U.S. at 4; *Special Touch Home Care Servs., Inc.*, 2022 WL 673660, at *7–8.

Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim because he

---

[4] Plaintiff attaches a copy of Form 3911 that he submitted to the Missouri IRS office.  (*See* Doc. 6-1 at 6.) The IRS requires taxpayers to submit a Form 3911 "to trace the nonreceipt or loss of [an] already issued refund check."  *About Form 3911, Taxpayer Statement Regarding Refund*, IRS, (Oct. 12, 2023), https://www.irs.gov/forms-pubs/about-form-3911-taxpayer-statement-regarding-refund.  Because Plaintiff did not file a 2020 federal income tax return, he was not eligible to claim a Recovery Rebate Credit and the IRS did not issue him a refund check. Therefore, with respect to his claim for the $600 Recovery Rebate Credit, Plaintiff's Form 3911 was not a refund claim under 26 U.S.C. § 7422(a).

has not satisfied the administrative claim requirement.  *See* 26 U.S.C. § 7422(a).  Accordingly, the United States' Motion to Dismiss is granted to the extent that it seeks dismissal of Plaintiff's claim for the $600 Recovery Rebate Credit.

## II.     Motion to Stay Goodnough's $1,400 EIP Claim

As explained above, the United States requests that the Court stay consideration of Plaintiff's $1400 EIP claim to permit the IRS to consider Plaintiff's identity theft claim related to the $1400 check previously issued by the agency in Plaintiff's name.  Plaintiff has not filed an opposition to the United States' request.

Courts have significant discretion in determining whether to impose a stay.  *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 71 (S.D.N.Y. 2015).  "A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (*quoting Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)).

The United States moves to stay consideration of Plaintiff's claim for the $1,400 Recovery Rebate Credit pending the IRS's consideration of Plaintiff's identity theft claim.  (*See* Doc. 17 at 1.)  Because IRS records indicated that the agency had already mailed Plaintiff a $1400 check on August 27, 2021, the United States initially asserted in its Motion to Dismiss that Plaintiff's claim should be dismissed for lack of standing because it presented no live case or controversy for adjudication.  (*See* Doc. 8-1 at 9–11.)  However, its Motion to Stay confirms that the IRS has since received from Plaintiff a Form 14039, which has initiated a process for the

agency to determine whether Plaintiff was a victim of identity theft regarding the $1,400 EIP.[5] According to the IRS, if Plaintiff's fraud claim "is fully resolved by a determination that the taxpayer was a victim of identity theft with regard to the $1,400 payment issued, then a new payment will be issued to the taxpayer." (Doc. 17 at 5.) The IRS contends that "judicial economy would be served by a stay," that neither party would be prejudiced, and that "if provided additional time it may be that [the parties] are able to resolve or narrow the issues without going through the extra expense of litigation in federal court." (*Id.*)

Given that Plaintiff's identity theft claim may resolve his present request for the $1,400 Recovery Rebate Credit, he is not likely to be prejudiced by a stay. The requested stay may obviate the need for further litigation in this Court. In the event that his identity theft claim does not resolve his request for the $1,400 Recovery Rebate Credit, the result of his identity theft claim may affect the determination as to whether he has standing to pursue the claim further in this Court. Therefore, the Court grants a stay of Plaintiff's $1400 claim in the interest of judicial economy.

## Conclusion

For these reasons, the United States' Motion to Dismiss (Doc. 8) is GRANTED IN PART. The Court dismisses without prejudice Plaintiff's $600 claim for lack of subject matter jurisdiction.

The United States' Motion to Stay (Doc. 17) is GRANTED. The Court STAYS consideration of that portion of Plaintiff's Complaint that seeks a $1400 EIP pending the agency's resolution of Plaintiff's related identity theft claim.

---

[5] Plaintiff asserts in his Response to the Motion to Dismiss that the IRS sent the $1,400 EIP check to his previous address where his former partner and son live, and that the check was "subsequently fraudulently signed over and cashed" by his former partner. (Doc. 15 at 3.)

The United States shall file a status report on or before September 16, 2024.

Dated at Burlington, in the District of Vermont, this 28th day of August 2024.

/s/ Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge